Reade, J.
 

 There were several interesting and important questions very ably discussed in this case. But it is unnecessary, and so would be improper,'"to decide them, because
 
 *12
 
 it appears that, assuming every other question to be in favor of the State, the person who demanded the tax list from the defendants was not authorized to do so, and, therefore, of course, it was not a crime in them to refuse.
 

 The ordinance of the Convention, entitled
 
 “
 
 An ordinance to provide Reyenue for the year 1865,” ratified the 18th of October, 1865, provides (sec! 23,) that the provisional sheriffs shall assemble the magistrates of their respective counties, and enter into bonds, and
 
 “
 
 thereupon such sheriffs are empowered to collect the taxes imposed by this ordinance,”
 
 “ Provided,
 
 that if such persons referred to as acting sheriffs refuse or decline to enter into the bonds required, then, and in that event, the justices may appoint other jiersons,” &c. It is evident that the Convention did not mean to entrust the provisional sheriffs with the collection of the taxes, unless they gave, new bonds. The provisional sheriff in this case did not enter into a new bond as required, and, therefore, he had no right to take tax lists, or to collect the taxes.
 

 It is true that the General Assembly, on the first of March, 1866, (ch. 19, s. 1, Acts of 1865-’6,) enacted that those who were sheriffs at the ratification of that act should collect the taxes under the ordinance, in those counties where the provisional sheriffs had not renewed their bonds. But that does not affect this case, because the refusal of the defendants, for which they are indicted, took place in the January preceding’ the passage of the act.
 

 His Honor charged the Jury that, if they believed the evidence, the defendants were guilty. In this there was error* And for that error there must be a
 
 venire de novo.
 

 Per Curiam*
 
 Venire de novo.